**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Marco Lahore, et al., | NO. C 09-04776 JW |
| Plaintiffs, | **ORDER TO SHOW CAUSE RE: RULE 11 SANCTIONS** |
| v. | |
| SCME Mortgage Banlers, Inc., et al., | |
| Defendants. | |

On February 8, 2010, the Court conducted a hearing on Plaintiffs' Motions for Remand and to Consolidate,[1] and Defendants Aurora and UVC's Motions to Dismiss.[2]  At the hearing, the Court questioned Plaintiffs' counsel as to the legal basis for Plaintiffs' Motion to Consolidate a pending state court unlawful detainer action, which has yet been removed to this Court (and indeed, might not be removal under the "forum defendant" rule), with this federal action.  Plaintiffs' counsel represented that he has found authority in this district that would permit the Court to exercise "supplemental jurisdiction" over a state unlawful detainer action without having the action before the Court.[3]  Since the Court finds no legal basis for Plaintiffs' counsel's position, the Court

---

[1] (Plaintiffs' Notice of Motion and Motion for Remand to State Court Pursuant to 28 U.S.C. § 1446 and L.R. 7-2 and Authorities in Support, hereafter, "Motion for Remand," Docket Item No. 8.; Plaintiffs' Notice of Motion and Motion to Stay Unlawful Detainer Action and Consolidate, hereafter, "Motion to Consolidate," Docket Item No. 20.)

[2] (Notice of Motion and Motion to Dismiss Plaintiffs' Complaint, hereafter, "Aurora's Motion," Docket Item No. 4.; Notice of Motion and Motion to Dismiss Plaintiffs' Complaint; and Joinder of Motion to Dismiss Filed by Aurora Loan Services, LLC, hereafter, "UVC's Motion," Docket Item No. 12.)

[3] Counsel represented that he had "left his research at home."

1  ORDERS counsel to show cause why he should not be sanctioned pursuant to Rule 11 of Federal
2  Rules of Civil Procedure.
3        Rule 11 authorizes sanctions against an attorney who signs a "pleading, written motion, [or]
4  other paper" brought for an improper purpose or that is frivolous, i.e., is not well grounded in fact,
5  warranted by existing law, or made in good faith. Christian v. Mattel, Inc., 286 F.3d 1118, 1127
6  (9th Cir. 2002). By prohibiting "frivolous" and "legally unreasonable" filings, Rule 11 "imposes
7  upon counsel an affirmative duty of investigation both as to law and fact before filing." Rachel v.
8  Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987).
9        On or before **February 11, 2010**, Plaintiffs' counsel shall file a response to the Order to
10 Show Cause. In his response, counsel shall set forth the legal basis for his Motion to Consolidate or
11 a good faith extension of the law. Failure to comply with any part of this Order will be deemed
12 sufficient grounds for sanctions.

Dated: February 8, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David S. Hoffman dshoffmanesq@aol.com
Donald Michael Scotten donald.scotten@akerman.com
Justin D. Balser justin.balser@akerman.com
Justin Donald Balser justin.balser@akerman.com
Michael Patrick Rooney mike@mikerooneylaw.com

**Dated:  February 8, 2010**                             **Richard W. Wieking, Clerk**

                                                                                          **By:**      **/s/ JW Chambers**
                                                                                               **Elizabeth Garcia**
                                                                                               **Courtroom Deputy**